IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:24-cr-13 |
| | ) |
| QUANTISHA LATAVIOUS OUTLAW | ) |

**OPINION AND ORDER**

Defendant Quantisha Outlaw ("Defendant") moves this court to review the Magistrate Judge's Release Order Pending Trial (Dkt. 13) and to remove several specified conditions imposed. After a careful de novo review of the evidentiary record and the arguments of counsel, I conclude that the conditions of pretrial release imposed are the least restrictive conditions to affect the goals of ensuring appearance and to reasonably assure the safety of any person and the community.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Defendant is currently charged in a three-count indictment alleging she made a straw purchase of a firearm and made false statements to a licensed gun dealer in furtherance of that straw purchase.[1] Defendant filed a Motion for Review and Amendment of Release Order, arguing that three of the conditions of release imposed are not the least restrictive conditions necessary to reasonable assure the safety of the community or her appearance in court. Dkt 22. The government filed an opposition to the motion (Dkt. 27) and this matter is ripe for decision.

**II.     STANDARD OF REVIEW**

---

[1] At the time of Defendant's Motion for Review and Amendment she had been charged by criminal complaint with these charges. She was indicted four days after Defendant had filed her motion. Dkt. 23.

When a magistrate judge orders the detention of a criminal defendant, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the original detention order de novo. *See United States v. Stewart,* 19 Fed. App'x 46, 48 (4th Cir. 2001). The question becomes whether the evidence as a whole supports the conclusions of the proceedings below. *Id.* But the reviewing court may rely on the record from the original bond hearing and is not required to conduct a second evidentiary hearing. *See United States v. Jackson*, No. 7:19-CR-126-FL-2, 2019 WL 4689144, at *1 (E.D.N.C. Sept. 25, 2019). Having carefully reviewed the parties' written submissions, the Pretrial Services Report, and the audio of the detention hearing, I find a second hearing and additional oral argument would not aid my decisional process.

The Court must determine "whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). In determining whether conditions of release can reasonably assure the safety of the community or the defendant's appearance at future court proceedings, the court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, among other things, the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings," and probation status at the time of the alleged offense; and (4) the nature and seriousness of the danger that the defendant's release would present to any person or the community. 18 U.S.C. § 3142(g).

III.   ANALYSIS

In a hearing on April 4, 2024, Judge Sargent entered an order releasing Defendant on a $25,000 unsecured bond. Dkt. 12. Judge Sargent also imposed several conditions of release. Dkt. 13. Defendant challenges three conditions imposed: Condition 6(f) requiring that "[t]he defendant . . . not travel outside the Western District of Virginia without first obtaining permission from the probation officer;" Condition 6(g) requiring that "[t]he defendant . . . submit to warrantless search and seizure of her person and property as directed by the probation officer for the purpose of determine [sic] if she is in compliance with her conditions of pretrial release."); and Condition 6(k) requiring that "[t]he defendant . . . execute any necessary medical releases to allow his supervising probation officer open communication with any treatment agencies or health care providers for the purposes of monitoring the defendant's compliance with all treatment requirements.").

In considering Defendant's request for bond de novo I reviewed the bond hearing recording, the parties' submissions, and Judge Sargent's release order. I find the conditions imposed by Judge Sargent are proper considering the § 3142(g) factors.

Reviewing the evidence de novo, I agree with Judge Sargent's conclusion that these conditions of release are the least restrictive conditions necessary to reasonably assure the safety of the community and Defendant's appearance in court. The nature of the offenses charged is serious. Defendant has been indicted on three federal felonies and could be sentenced to up to thirty years of incarceration if convicted.

The weight of the evidence relating to the charges in the Indictment is strong. Defendant admitted to law enforcement about purchasing the firearm in question. She further admitted that a male cohabitant carried the firearm far more often than she did—an individual, by her own statement, had come to southwest Virginia to engage in drug trafficking, and was a known user

3

of cocaine and a convicted felon. Further, Defendant acknowledged that this individual had provided her the money and instructed Defendant to purchase this firearm. Lastly, the ATF form kept on file at the store where the firearm was purchased, and filled out by Defendant, purported that she was the actual buyer and that the firearm was for her and not another person.

Regarding Defendant's history and characteristics, Defendant has history of substance abuse including use of Methamphetamine just two days before the pretrial services report was taken. Additionally, her parents are located in Georgia, and while she does have three siblings located in the Western District of Virginia, she does not live with any of them. Her significant other is currently incarcerated, and she lives alone. However, she is not employed and her only reported sources of income are $287.00 in food stamps and money sent to her by friends and family.

As to condition 6(f), Defendant argues the condition restricting her movement to the Western District of Virginia without the permission of her supervising probation officer violates her fundamental right to travel. *See United States v. Wheeler*, 254 U.S. 281, 293 (1920) (holding there is a fundamental right to travel). While Defendant is correct that there is a right to travel, that right is not absolute and may be restricted or conditions may be placed upon that right. Driver's licenses are a prime example of such a restriction. A person may be free to travel, but to do so by motor vehicle they must first obtain a license. An individual's right to travel be similarly curtailed by conditions of bond. Detention supported by probable cause and the imposition of subsequent bond conditions does not violate the detainee's right to travel merely because it prevents her from leaving the state. *See Jones v. Helms*, 452 U.S. 412, 419 (1981) (explaining that a state may prevent a citizen from leaving without violating their fundamental right to interstate travel where probable cause justifies the detention).

Defendant further contends that such a condition is unreasonable because an ordinary person would not know where the boundaries of the Western District of Virginia are located. As of 2023, approximately ninety-two percent of individuals in the United States accessed the internet.[2] From desktop computers to portable laptops, to tablets and smartphones, accessing the internet and the vast troves of information available on it has never been easier. Even should an individual not own a device that can access the internet, such services are available at public libraries across the country—including in Bristol, Virginia,[3] the place where Defendant resides. Additionally, Defendant had the opportunity to inquire about the specific boundaries of the Western District of Virginia at her bond hearing and can reach out to her supervising probation officer at any point to determine the specific boundaries to which she was restricted.

Lastly, Defendant asserts that the condition restricting her travel without permission of her probation officer to the Western District of Virginia is clearly not the least restrictive condition possible because it prevents her from walking 250 yards from her home in Bristol, Virginia to a store or restaurant in Bristol, Tennessee without the permission of her probation officer. Defendant was, however, informed at the bond hearing by the Magistrate Judge that the probation office gives blanket permission to travel within Bristol, Tennessee. Finally, an identical condition was imposed upon a defendant in *United States v. Gearheart*, No. 7:23-cr-00013, ECF No. 16 (W.D. Va. March 3, 2023), and challenged on appeal upon similar grounds. The order in *Gearheart* was summarily affirmed by the Fourth Circuit. *United States v. Gearheart*, No. 23-4235, Doc. 22 (4th Cir. May 3, 2023).

---

[2] *Internet Statistics in 2024-How Big is the Web Today*, TECHJURY (Jan. 3, 2024), https://techjury.net/blog/internet-statistics/.
[3] *Public Computers*, BRISTOL PUBLIC LIBRARY (last visited May 9, 2024), https://bristol-library.org/about-us/public-computers/.

For condition 6(g)—that the defendant submit to warrantless searches and seizures—Defendant makes no argument in support within her brief. *See generally* Dkt. 22. However, as with condition 6(f), the same condition was imposed in , No. 7:23-cr-00013, ECF No. 16 (W.D. Va. March 3, 2023) and was summarily affirmed by the Fourth Circuit. *Gearheart*, No. 23-4235, Doc. 22 (4th Cir. May 3, 2023).

Both conditions 6(f) and 6(g) are appropriate as the Defendant represents a flight risk and a danger to the community because of her substance abuse history, including recent use of methamphetamine, her lack of employment and the presence of her parents in Georgia where she has resided most of her life.

Regarding condition 6(k), Defendant contends that requiring her to execute any necessary medical release to allow open communications with any treatment agency or health care providers is profoundly intrusive upon the doctor patient relationship. Conditions of release are undoubtedly intrusive. They must be, at times, to ensure the safety of the community and to assure the appearance of the defendant. At the bond hearing, Judge Sargent orally imposed as a condition of release, that Defendant participate in a program for evaluation, testing, and treatment for the existence of any substance abuse problem as directed by her supervising probation officer. Consequently, condition 6(k) merely provides the probation officer the means by which to ensure Defendant's compliance with another condition of release.

Considering and applying the factors laid out in 18 U.S.C. § 3142(g), I conclude the conditions imposed by Judge Sargent are the least restrictive conditions necessary to assure the safety of any person in the community and Defendant's appearance.

IV.     CONCLUSION

It is **ORDERED** that defendant's Motion for Review and Amendment of Release Order (Dkt. 22) is **DENIED** and the Order setting Conditions of Release (Dkt. 13) is **AFFIRMED**.

Entered:  May 15, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge